**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**WILL ROBERSON**                                                                        **PETITIONER**

**v.**                                                                                            **No. 2:00CR107-P**

**UNITED STATES OF AMERICA**                                                      **RESPONDENT**

### ORDER

This matter comes before the court on the *pro se* petitioner's December 2, 2004, " Motion For A *Nunc Pro Tunc* Order Pursuant to Motion Under 28 U.S.C. 2255 to Vacate, Set Aside or Correct Sentence."  While inartfully worded, the motion seeks to add new claims to the instant petition – and perhaps avoid the prohibition against filing a successive petition without first seeking permission from the Fifth Circuit Court of Appeals.  The petitioner has moved in the Fifth Circuit to stay the appeal of this matter until this court rules upon the instant motion. Although the court usually declines to entertain motions in a case on appeal, in the interest of judicial economy, the court shall deviate from its normal practice and decide the motion.  For the reasons set forth below, the instant motion shall be dismissed.

The petitioner pled guilty April 9, 2001, to aiding and abetting his co-defendant in distributing in excess of 5 grams of crack cocaine, in violation of 21 U.S.C. § 841(a), (b)(1)(B). The petitioner did not appeal his sentence.  On April 1, 2002, the petitioner filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2255, raising several grounds to overturn his sentence. The court dismissed all grounds except Ground Two on October 9, 2003, and set an evidentiary hearing to develop the facts for the remaining ground.  After the July 15, 2004, evidentiary hearing, the court dismissed the petitioner's remaining ground.  The petitioner appealed, and the matter is currently before the United States Court of Appeals for the Fifth Circuit.

The motion before the court seeks to amend the instant petition to include a claim under *United States v. Booker*, 125 S.Ct. 738, (2005), arguing that several factors used to compute or enhance the petitioner's sentence (including possession of a firearm) were not presented to a jury and thus rendered the petitioner's sentence invalid. *Booker*, however, applies only to those cases "pending on direct review or not yet final on January 12, 2005." *United States v. Madrigal*, 2005 WL 913476 (5th Cir.). The petitioner's case was final long before the January 12, 2005, cutoff date, as the court entered judgment April 20, 2001, and the petitioner never appealed. As such, the instant case is not one to which *Booker* applies, and the petitioner's December 2, 2004, motion to amend the § 2255 petition is hereby **DISMISSED.**

**SO ORDERED,** this the 24th day of May, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE